**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| TEDROS MAHARI, | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | Case No.  SA-26-CV-01308-XR |
| | § | |
| US ATTY GENERAL PAM BONDI, | § | |
| SECRETARY KRISTI NOEM, | § | |
| DIRECTOR TODD M. LYONS, ACTING | | |
| FIELD DIR. SYLVESTER M. ORTEGA, | | |
| WARDEN BOBBY THOMPSON, | | |
| *Respondents* | | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On this date, the Court considered Tedros Mahari's Petition for a Writ of Habeas Corpus (ECF No. 1) and the Federal Respondents' response (ECF No. 6). After careful consideration, the Petition (ECF No. 1) is **GRANTED**.

## BACKGROUND

Petitioner challenges the legality of his immigration-related detention. *See generally* ECF No. 1. He is a native and citizen of Eritrea. ECF No. 1 at 3. In March 2018, Petitioner applied for asylum at the Hidalgo, Texas, port of entry. ECF No. 4 at 2. In October 2018, an immigration judge ordered him removed to Eritrea but granted him "withholding of removal" based on his fear of persecution. *Id.* The Government then released Petitioner on an order of supervision. *Id.*

Under this supervision, Petitioner established his presence in the United States by marrying a U.S. citizen. ECF No. 1 at 9. He is now the father of two U.S. citizen children. *Id.* He lacks a criminal history, and his withholding-of-removal order remains in force. ECF No. 1 at 9.

On August 5, 2025, Petitioner reported to an Immigration and Customs Enforcement appointment. ECF No. 4-1 at 2. Respondents have detained Petitioner since.

1

## LEGAL STANDARD

### I. Writ of Habeas Corpus

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

## DISCUSSION

Petitioner challenges the legality of his post-removal-order detention. ECF No. 1. Respondents argue that 8 U.S.C. § 1231 authorizes Petitioner's detention. ECF No. 6 at 1.

Section 1231 "authorizes the detention of aliens who have already been ordered removed from the country." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018). "Under this section, when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, . . . and the alien must be detained during that period." *Id.*

If the government fails to remove the alien during that period, the Government may exercise discretion to continue detaining certain aliens for as long as is "reasonably necessary" to secure their removal. *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001); 8 U.S.C. § 1231(a)(6). But this discretion is not "unlimited." *Zadvydas*, 533 U.S. at 697. Under *Zadvydas*, "once removal is

no longer reasonably foreseeable, continued detention is no longer authorized."[1] Thus, a court assessing detention *beyond* the removal period must ask "whether the detention in question exceeds a period reasonably necessary to secure removal." *Id.*

To aid this inquiry, the *Zadvydas* court recognized a "presumptively" reasonable period of post-removal-order detention lasting six months. *Id.* A detained person who brings a *Zadvydas* claim *before* the presumptively reasonable six-month period must prove "that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* To make out a *Zadvydas* claim *after* the six months have run, a detained noncitizen need only "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. If he does so, "the Government must respond with evidence sufficient to rebut that showing." *Id.* And "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*.

Here, Respondents have detained Petitioner for more than 11 months, or 338 days. They make two arguments that Section 1231 and *Zadvydas* permit Petitioner's continued detention.

**A. There Is a Good Reason to Believe Removal Is Not Reasonably Foreseeable**

First, Respondents argue that "Petitioner cannot show 'good reason' to believe that removal . . . is unlikely in the reasonably foreseeable future." ECF No. 4 at 4. Consequently, they argue that Petitioner has not shifted the burden to them to prove that removal is likely. *Id.*

But there is good reason to believe that removal is not foreseeable. There is an outstanding withholding-of-removal order prohibiting his deportation to his home country. ECF No. 1 at 9. Over the past 11 months, Respondents have tried to remove Petitioner to a different country—

---

[1] *Id.* at 699. The *Zadvydas* Court limited its holding to "aliens who were admitted to the United States but subsequently ordered removed." *Id.* at 682. But the Supreme Court later extended the holding to aliens who were never admitted and charged as inadmissible under 8 U.S.C. § 1182. *Clark v. Suarez Martinez*, 543 U.S. 371 (2005).

specifically, Panama or Costa Rica. ECF No. 4 at 2. These countries have refused to take him. *Id.* Respondents are now trying to deport him to Sudan, but their request to the Sudanese government has now been pending for five months without meaningful progress. *See id.* (noting that Respondents submitted a travel document request to Sudan on February 8, 2026). Given these facts, there is a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

**II. The Government Fails to Show a Significant Likelihood of Removal in the Reasonably Foreseeable Future**

Given a good reason to believe that removal is not reasonably foreseeable, the remaining question is whether the Respondents have evidence to the contrary. They assert the following to support the conclusion that removal is reasonably foreseeable:

(1) a travel document request was submitted on February 8, 2026, and remains pending;

(2) ERO requested an update on the above request on March 7, 2026;

(3) "there is no indication that Sudan will refuse to accept" Petitioner; and

(4) Mexico has not yet refused Respondents' third-country removal request.

ECF No. 4-1 at 2–3; ECF No. 4 at 6.

This evidence alone is insufficient to meet the Government's burden of demonstrating likelihood of removal in the reasonably foreseeable future. *See Bah v. Cangemi*, 489 F. Supp. 2d 905, 923 (D. Minn. 2007) (granting a petition based on *Zadvydas* when the Government was unable to secure travel documents from Liberia). Petitioner has now been detained for over 11 months. "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. At this stage, the mere fact that Mexico and Sudan have not affirmatively refused Petitioner does not establish

that he will soon be deported to those countries. If anything, the longer those countries delay in accepting Petitioner, the more remote that possibility appears. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Rios v. Trump*, No. 25-1320 SEC P, 2026 U.S. Dist. LEXIS 62703, at \*4–5 (W.D. La. Mar. 24, 2026). "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699–700. Petitioner's detention is unlawful and he must be released.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED.** It is **ORDERED** that:

1.      Respondents shall **RELEASE** Petitioner (A216-567-321) from custody to a public place by **no later than July 13, 2026**;

2.      Respondents must **NOTIFY** Petitioner's counsel by email[2] of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release**;

3.      Respondents shall **FILE** a Status Report **no later than July 15, 2026**, confirming that Petitioner has been released.

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this July 9, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] C.M. Boston Cote, 512-900-9999, Email: Immigration@CGLegal.com.